UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

NICHOLAS BUCHICCHIO

VERSUS

JAMES LEBLANC, ET AL.

CIVIL ACTION

NO. 22-147-BAJ-EWD

**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS
FILED BY DEFENDANTS JUGE AND CAZES**

**NOW INTO COURT**, through undersigned counsel, comes plaintiff Nicholas Buchicchio, who respectfully submits this opposition to the motion to dismiss (Doc. 8) filed by Defendants Mike Cazes and Steven Juge in the above-captioned matter. Defendants argue that (1) Juge is entitled to qualified immunity, (2) Plaintiff's state law false imprisonment claims against Juge and Cazes should be dismissed, and (3) all Plaintiff's state law claims against Juge and Cazes are prescribed. Defendants' motion also argues that Plaintiff lacks standing to sue Juge or Cazes for declaratory relief and/or a permanent injunction. Plaintiff opposes dismissal of his individual capacity claims against Juge[1] and his official capacity claims against Cazes.

**SUMMARY OF ARGUMENT**

Mr. Buchicchio was imprisoned by Defendants Juge and Cazes for nearly three months after his lawful sentence expired. Defendant Juge was acutely aware that Mr. Buchicchio was no longer a lawful prisoner because Juge was present when the court ordered Mr. Buchicchio's immediate release. Moreover, Juge repeatedly acknowledged to Mr. Buchicchio after the court's hearing that he was aware that Buchicchio was entitled to immediate release, but he took no steps to release Mr. Buchicchio. Despite Mr. Buchicchio's clear allegations that he was overdetained

---

[1] Plaintiff does not oppose dismissal of any official capacity claims against Juge or his *Monell*, respondeat superior, or indemnification claims against Juge. Most of these claims are duplicative of Plaintiff's official capacity claims against Cazes.

by nearly three months, and that Defendant Juge (who serves under Sheriff Cazes), was directly involved, Defendants have deemed Mr. Buchicchio's complaint "frivolous." Doc. 8-1, p. 4.

Defendants' characterization of Mr. Buchicchio's claims is unsurprising given their blatant disregard for Mr. Buchicchio's clearly established right to be timely released from prison in March 2021. The Fifth Circuit recently determined that prisoners overdetained in 2016 and 2017 had a clearly established right to timely release from prison, and that "overdetention by thirty days is a per se deprivation of due process." *Crittindon v. LeBlanc*, No. 20-30304, 2022 WL 2092820, at *6 (5th Cir. June 10, 2022). Further, the court held that a defendant is not entitled to qualified immunity where an official is alerted that a prisoner is being detained beyond their lawful release date and fails to act for 17 days. *Id.* at *7. In this case, the complaint alleges that Defendant Juge overdetained Mr. Buchicchio for almost three times as long (85 days) as the Fifth Circuit per se line, and that Juge knew <u>the entire time</u> that Buchicchio was entitled to release. This unreasonable conduct violates clearly established law, deprives Juge and Cazes from the shield of qualified immunity, and forms the basis of Mr. Buchicchio's claims in this suit. Accordingly, Defendants' motion should be denied.

## **SUMMARY OF RELEVANT ALLEGATIONS**

This action arises from Mr. Buchicchio's unlawful overdetention, wherein Judge Mary Ann Doggett of Louisiana's 9th Judicial District Court ordered Mr. Buchicchio's immediate release on March 3, 2021, but Mr. Buchicchio was detained until May 25, 2021. *Id.* at ¶ 22. At the March 3rd hearing, Judge Doggett unambiguously ordered Mr. Buchicchio's immediate release for a second time. *Id.* at ¶ 70. At that time, Mr. Buchicchio was housed at the DOC's West Baton Rouge Transitional Work Facility ("WBRWRC"), which is headed by Defendant Steven Juge under the authority of Defendant Cazes, the sheriff of West Baton Rouge Parish. Mr. Juge was

present with Mr. Buchicchio at the March 3rd hearing and told Mr. Buchicchio that he understood that the judge's ruling entitled Mr. Buchicchio to be immediately released. *Id*. at ¶¶ 72-73.

Despite the clarity of the judge's March 3rd order, and Defendant Juge's acknowledgment that Mr. Buchicchio was entitled to immediate release, Juge continued to detain Mr. Buchicchio at the WBRWRC. Doc. 1 at ¶ 74. After the March 3rd hearing, Mr. Buchicchio asked Defendant Juge on several occasions why he was still being detained. *Id.* at ¶ 75. Defendant Juge responded that the issue was "out of [his] hands," indicating that DOC administration had not yet authorized Juge to release Mr. Buchicchio. *Id.* at ¶ 77. In May 2021, Mr. Buchicchio, who was still incarcerated, contacted the non-profit Promise of Justice Initiative, who wrote to DOC's counsel requesting that DOC immediately recalculate Mr. Buchicchio's time and release him as soon as possible. *Id.* at ¶¶ 78-80. Four days after this correspondence, Mr. Buchicchio was finally released from WBRWRC. *Id.* at ¶ 81.

## **LAW & ARGUMENT**

Mr. Buchicchio's detailed petition states cognizable claims for relief against Defendants Juge and Cazes. In evaluating a motion to dismiss a civil rights suit at the pleading stage, courts in this circuit require only that "a plaintiff's pleading contain a short and plain statement of the claim showing that the pleader is entitled to relief," and "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Arnold v. Williams*, 979 F.3d 262, 266 (5th Cir. 2020) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A complaint asserts a "facially plausible" claim if it "alleges facts that, accepted as true, allow a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See* 556 U.S. at 678.

In evaluating the complaint, the court "must accept the facts in the complaint as true," but is not required to "accept as true conclusory allegations, unwarranted factual inferences, or legal

3

conclusions." *Arnold*, 979 F.3d at 266 (citing *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010)). Additionally, the court must "draw[ ] all reasonable inferences in the nonmoving party's favor." *Franklin v. Regions Bank*, 976 F.3d 443, 447 (5th Cir. 2020). "A complaint may proceed even if recovery is very remote and unlikely, so long as the alleged facts raise a right to relief above the speculative level." *Littell v. Houston Indep. Sch. Dist.*, 894 F.3d 616, 622 (5th Cir. 2018).

I. <u>Defendant Juge is Not Entitled to Qualified Immunity.</u>

    a. *Juge Unreasonably Detained Mr. Buchicchio in Violation of Clearly Established Law.*

Defendant Juge argues that he is entitled to qualified immunity for three reasons, all of which fail upon consideration. First, Juge appears to argue that Mr. Buchicchio's right to timely release was not clearly established as of 2021, such that it was not unreasonable for Juge to continue to detain Buchicchio despite his knowledge that Buchicchio was entitled to release. However, Juge's argument is foreclosed by the Fifth Circuit's opinion in *Crittindon v. LeBlanc*, No. 20-30304, 2022 WL 2092820 (5th Cir. Jun. 10, 2022). In *Crittindon*, the Fifth Circuit found that as of the 2016 and 2017 overdetentions at issue in that case, "it is without question that holding without legal notice a prisoner for a month beyond the expiration of his sentence" violates clearly established law. *Crittindon*, 2022 WL 2092820 at *14 (citing *Douthit v. Jones*, 619 F.2d 527, 532 (5th Cir. 1980)). In fact, the court found that overdetaining a prisoner by "thirty days is a per se deprivation of due process." *Id.* at *20. Specifically, the law "establishes that a jailer has a duty to ensure that inmates are timely released from prison," and where specific officials have "fair warning that their failure to address" an issue will "result in the illegal detention" of prisoners beyond their release date, those officials are not entitled to qualified immunity. *Crittindon*, 2022 WL 2092820 at *17.

4

Here, Juge is alleged to have been aware of Buchicchio's illegal detention for its <u>entire duration</u> because he was present for the hearing that ordered Buchicchio's release. Accordingly, Juge had more than the "fair warning" anticipated by *Crittindon*, and despite that knowledge, Juge breached his duty to ensure Buchicchio's timely release. Juge is not entitled to qualified immunity on this basis.

### b. *Juge's Physical Custody Argument is Without Basis.*

Second, Juge argues that although Buchicchio was clearly overdetained nearly three months too long, he was only in Juge's "physical custody" while being overdetained, not Juge's "legal custody" or "actual custody." Doc. 8-1, pp. 11, 14. Juge assert that the latter distinction, the "legal" or "actual custody" of Mr. Buchicchio, was the purview of the Department of Corrections. *Id.* Thus, Juge argues, he was "not in the position to release Plaintiff at any time given [his] sole status as physical custodian of Plaintiff." Doc. 8-1, p. 11. Juge cites no precedent for the argument that only an official in "legal custody" of an overdetained prisoner is liable for violating the prisoner's rights, whereas the "actual" or "physical" custodian is entitled to qualified immunity.

Juge's argument is meritless. Courts have long rejected arguments by officials that they are entitled to qualified immunity because they were not *solely* responsible for violating a prisoner's rights. For instance, the Fifth Circuit has dismissed this sort of finger-pointing between officials, finding that jailers may be held responsible where a "failure of communication" between official bodies causes an unlawful incarceration because that duty cannot "justifiably be placed on the head of a man immured in a lockup." *See Whirl v. Kern*, 407 F.2d 781, 792 (5th Cir. 1968); *see also Porter v. Epps*, 659 F.3d 440, 445 (5th Cir. 2011) ("[A] jailer has a duty to ensure that inmates are timely released from prison."). Accordingly, "[i]gnorance and alibis by a jailer should not vitiate the rights of a man entitled to his freedom." *Id.* at 792.

In a recent overdetention case, Judge Dick rejected officials' arguments that they were free from fault for overdetaining a prisoner because others had a more significant role in the delay. *Hicks v. DPS&C,* 19-cv-109-DD-RLB (M.D. La., Aug. 10, 2021) (denying motion for summary judgment on false imprisonment); *see also Crittindon v. Gusman*, No. 17-512, 2020 WL 1862467, at *8 (M.D. La. Apr. 13, 2020) (denying defendants' motion where defendants sought "to avoid liability by pointing the finger at one another, arguing that, although their actions may have been flawed, they were not ultimately responsible for the alleged Constitutional violations"). Among such multiple defendants, the court held it is inappropriate to resolve such a question, even on summary judgment, as it is "up to the jury to determine which Defendants are liable, in what capacity, and in what proportion." *Hicks*; *see also Crittindon*, 2020 WL 1862467, at * 8 (finding that "the issue of which agency's, or combination of agencies', conduct was the moving force behind the alleged violations calls for significant credibility determinations and weighing of evidence, making this issue inappropriate for resolution on summary judgment"). For similar reasons, the Eastern District of Louisiana denied qualified immunity to Sheriff's Office defendants regarding overdetention of an inmate sentenced to the custody of the Department of Corrections. *Grant v. Gusman,* 17-cv-02797-NJB-DMD, R. Doc. 230 (E.D. La. March 30, 2021). In that case, as here, Sheriff's Office personnel heard the judge's sentence directly, a fact which supported the denial of qualified immunity. *Id*. at *12-16. Here, Juge's relative culpability for Mr. Buchicchio's overdetention is not dispositive at this early stage of the litigation and Juge is not entitled to qualified immunity based on such a comparison.

*c. Juge's Bare Assertion That He Lacked "Bad Faith" is Patently Insufficient to Entitle Him to Qualified Immunity.*

Juge argues that he should not be denied qualified immunity where he is "clearly not acting in bad faith." Doc. 8-1, p. 14. The motion also makes this argument is without citation to authority, and it is also without basis.

First, it far from clear from the facts alleged here that Juge lacked bad faith. Buchicchio alleges that Juge clearly knew that Buchicchio was entitled to release, but Juge continued to jail Buchicchio with no apparent efforts to remedy this ongoing constitutional violation in his facility. Doc. 1, ¶¶ 74-77. Thus, Juge's bare assertion that he lacks bad faith is contradicted by the pleadings and does not entitle him to qualified immunity, especially at this stage of the proceedings.

Second, a § 1983 plaintiff is not required to prove a defendant's bad faith to obtain a judgment against them. Instead, a plaintiff merely needs to plead facts demonstrating that "the official knew or should have known that his action infringed a clearly established constitutional right of the plaintiff." *Douthit v. Jones*, 619 F.2d 527, 534 (5th Cir. 1980). In fact, a § 1983 defendant may be held liable *and* owe punitive damages to a § 1983 plaintiff where a defendant does not act in bad faith but acts with "reckless or callous indifference" to a person's constitutional rights." *McNeal v. Louisiana Dep't of Pub. Safety & Corr.*, No. 18-736, 2020 WL 7059581, at *14 (M.D. La. Dec. 2, 2020) (citing *Bouchereau v. Gautreaux*, No. 14-805, 2015 WL 5321285, at *13 (M.D. La. Sept. 11, 2015) (deGravelles, J.).

To the extent Juge's motion attempts to offer a "good faith" affirmative defense at this stage of the proceeding, such an effort should be rejected. An official may affirmatively utilize a good faith defense in an unlawful detention case, but it is only available where the official has a "reasonable belief that detention is lawful." *Bryan v. Jones*, 530 F.2d 1210, 1214 (5th Cir. 1976).

7

In employing this affirmative defense, the defendant holds the burden to prove that his "discretion was limited," that "he acted with a good faith belief that his actions were within his lawful authority, and that reasonable grounds existed for this belief based upon objective circumstances at the time he acted." *Douthit*, 619 F.2d at 534.

Juge is not entitled to a ruling on this affirmative defense at this stage in the proceeding, and even if he was, Buchicchio's allegations show that a "good faith" defense does not apply here. Juge had no reasonable belief that Buchicchio's continued detention was lawful and admitted as much to Buchicchio several times. In fact, Buchicchio alleges that Juge was acutely aware that Buchicchio continued to serve time in jail when Juge knew that Judge Doggett had ordered his release. Thus, Defendant Juge is not entitled to qualified immunity and the motion should be denied.

> II. <u>Mr. Buchicchio's Complaint States a Claim Against Defendants for False Imprisonment.</u>

Defendants Juge and Cazes briefly argue that Mr. Buchicchio's false imprisonment claim fails to state a cause of action because Mr. Buchicchio alleges that he was "in the custody of DOC." Doc. 8-1 at 17. By extension, the motion argues, Buchicchio's allegation that he was in DOC custody means that he was not in the custody of Juge or Cazes.

Defendants' argument overlooks Mr. Buchicchio's clear allegations that he was, in fact, also detained by Juge and Cazes at the West Baton Rouge Transitional Work Facility. Doc. 1, ¶¶ 9, 67, 74-81. Even Defendants' own motion asserts that Mr. Buchicchio was in Juge and Cazes' "physical custody" during his overdetention. Doc. 8-1, p. 11. Accordingly, Defendants' argument fails on its own terms.

Moreover, courts have repeatedly held that multiple jailers may be responsible for detaining a prisoner without legal justification. *E.g., Crittindon v. Gusman*, No. 17-512, 2020 WL

1862467, at *8 (M.D. La. Apr. 13, 2020). In analyzing state law false imprisonment claims in *Crittindon*, Judge Dick found that both DOC officials and local sheriff's offices can be liable for false imprisonment where the prisoner is "physically held" by a local sheriff's office, while "serving DOC sentences." *Id.* at *22. (denying DOC's motion for summary judgment). As explained above in opposition to Defendants' qualified immunity argument, when multiple defendants were involved in wrongfully imprisoning a plaintiff, it is "up to the jury to determine which Defendants are liable, in what capacity, and in what proportion." *Hicks,* 19-cv-109-DD-RLB (M.D. La., Aug. 10, 2021) (denying motion for summary judgment on false imprisonment). Juge and Cazes motion to dismiss Mr. Buchicchio's false imprisonment claims should be denied.

III.    <u>Plaintiff's State Law Claims Are Not Time-Barred.</u>

Defendants' motion adopts the DOC defendants' argument that Plaintiff's state law claims are time-barred. Doc. 8-1, p. 17. Defendants' argument to dismiss all vicarious liability claims against Defendant Cazes is entirely predicated on its argument that the state law claims in this action are prescribed. Rec. Doc. 8-1, pp. 17-18. Plaintiff opposes these arguments and incorporates by reference his prior argument showing that no state law claims at issue in this litigation are time-barred. *See* Doc. 7, pp. 12-13. Thus, Defendants' motion should be denied.

IV.    <u>Mr. Buchicchio's Request for Declaratory and Injunctive Relief Is Appropriate.</u>

Defendants' motion argues Mr. Buchicchio's lacks standing to request declaratory or injunctive relief. Mr. Buchicchio's complaint asks for (1) a declaratory judgment finding unlawful all defendants practice of detaining prisoners beyond their lawful release date, and (2) injunctive relief ordering defendants to stop this practice. Federal law allows Mr. Buchicchio standing to request both forms of relief. Mr. Buchicchio previously opposed Defendant LeBlanc's motion to

dismiss plaintiff's equitable relief request and incorporates those arguments made in opposition herein by reference. Doc. 7, pp. 14-17.

In simple terms, the fact that Mr. Buchicchio filed this suit after he was released does not defeat his standing to pursue equitable relief. Mr. Buchicchio requests declaratory and injunctive relief in this case because he has been repeatedly overdetained, and there is a real threat that he will be overdetained again without court intervention. As Judge deGravelles explained in *McNeal v. Louisiana Dep't of Pub. Safety & Corr.*, No. 18-736, 2020 WL 7059581 (M.D. La. Dec. 2, 2020) a "plaintiff seeking injunctive relief based on an alleged past wrong must show there is a real or immediate threat that he will be wronged again." *McNeal*, 2020 WL 7059581, at *9 (citing *Plumley v. Landmark Chevrolet*, 122 F.3d 308, 312 (5th Cir. 1997)). In other words, a plaintiff who is no longer overdetained has sufficient standing if the plaintiff "faces a threat of future harm or repeated injury." *McNeal*, 2020 WL 7059581, at *9 (citing *Perez v. Doctors Hosp. at Renaissance, Ltd.*, 624 F. App'x 180, 183 (5th Cir. 2015)). Past wrongs can be considered, however, as evidence of an actual threat or repeated injury. *McNeal*, 2020 WL 7059581, at *8 (citing *Perez*, 624 F. App'x at 183).

In *McNeal*, Judge deGravelles found that an overdetained plaintiff lacked standing to request equitable relief because his complaint did not "allege any facts that suggest" Plaintiff could be overdetained in the future. In that case, the court looked beyond the allegations in the complaint, and found that four hypothetical scenarios had to occur for the plaintiff to be overdetained in the future - "(1) he is arrested again; (2) he is convicted of the crime; (3) he is sentenced to the DOC custody; and (4) he is detained beyond that sentence absent any other legal reason to hold him." *McNeal*, 2020 WL 7059581, at *10.

Here, there is a demonstrated, legitimate threat that Mr. Buchicchio will be overdetained again because, unlike *McNeal*, Mr. Buchicchio has been *repeatedly* overdetained for the same offense. Importantly, Mr. Buchicchio's complaint alleges at least three separate periods of overdetention, without committing any new offenses, including two overdetentions that occurred after he was released from prison as he has been now. Doc. 1, ¶¶ 35-81. Mr. Buchicchio was first overdetained in early 2020 when his jailers failed to account for an order from Judge Doggett granting him credit for time served. His time calculation was then changed again after his release, he was rearrested, and overdetained a second time for nearly nine months. Then, Buchicchio's jailers again ignored a court order entitling him to release, and overdetained him for a third time spanning nearly three months until outside counsel pled for his release. At this point, Buchicchio has every indication that there is an intractable problem with his time records that continues to threaten his freedom.

Accordingly, there is a real threat that Mr. Buchicchio will overdetained again. Whereas the court in *McNeal* found that a chain of four events had to occur before Mr. McNeal would be at risk of additional overdetention, here there is only one event needs to occur before Mr. Buchicchio is destined for another period of overdetention. That event – DOC erroneously concluding that Mr. Buchicchio's time has not expired despite a clear judicial decree to the contrary – is far from hypothetical as it has occurred again and again over the past two years.

**WHEREFORE**, after due proceedings, Mr. Buchicchio accedes to the dismissal of his official capacity claims against Juge and his *Monell*, respondeat superior, or indemnification claims against Juge, as these claims are duplicative of Plaintiff's official capacity claims against Cazes. In all other respects, Plaintiff respectfully requests that the Court deny Defendants' Motion to Dismiss. If, however, this Court finds that the allegations in Mr. Buchiccchio's complaint are

11

insufficient, Plaintiff asks for leave to amend his complaint so that he may add additional allegations and clarify his existing factual contentions.

Respectfully submitted:

*/s/ Jacob K. Weixler*
Jacob K. Weixler, 36076
WEIXLER LAW LLC
P.O. Box 52197
New Orleans, Louisiana 70152-2197
1926 Washington Ave.
New Orleans, Louisiana 70113-1730
Tel:   (504) 408-2180
Fax:   (504) 814-1728
jkw@weixlerlaw.com

*-AND-*

William Most (La. Bar No. 36914)
Caroline Gabriel (La. Bar. No. 38224)
201 St. Charles Ave., Ste. 114 #101
New Orleans, LA 70170
Tel: (504) 509-5023
Email: williammost@gmail.com

*Attorneys for Plaintiff*