# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

NICHOLAS BUCHICCHIO

VERSUS

JAMES LEBLANC, ET AL.

CIVIL ACTION

NO. 22-147-BAJ-EWD

## PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS
## FILED BY DEFENDANTS JUGE AND CAZES

**NOW INTO COURT**, through undersigned counsel, comes plaintiff Nicholas Buchicchio, who respectfully submits this opposition to the motion to dismiss (Doc. 29) filed by Defendants Mike Cazes and Steven Juge in the above-captioned matter.

## SUMMARY OF ARGUMENT

Mr. Buchicchio alleges that he wrongfully imprisoned in Defendants' custody for nearly three months, all while Defendant Juge knew that Buchicchio was entitled to release but continued to detain him. Despite these clear allegations, Defendants' motion ignores the clear legal responsibility that jailers owe to prisoners in their custody, and repeatedly claims that the lawsuit filed against them by Mr. Buchicchio is "frivolous." In service of its motion, Defendants' motion attempts to introduce a document from outside the pleadings for the Court's consideration in the context of their Rule 12(b)(6) motion. Defendants attempt to offer this document as definitive proof that the court's order releasing Mr. Buchicchio was not sufficiently clear, and that their purported ignorance of Mr. Buchicchio's entitlement to release should entitle them to pre-discovery dismissal.

Defendants' motion, and particularly its repeated characterization of this action as "frivolous," reveals that Defendants have little regard for several notable aspects of the facts at issue and the law applicable to this action. First, Defendants' argument overlooks that an

'ignorance of entitlement to release' defense is unacceptable under the law of this circuit. *See Harris v. Clay Cnty.*, No. 21-60456, 2022 WL 3646129, at *4-7 (5th Cir. Aug. 24, 2022) citing *Whirl v. Kern*, 407 F.2d 781, 792 (5th Cir. 1968)). In *Harris*, which Defendants' motion fails to cite, the court dispensed with the same qualified immunity and liability arguments that Defendants reiterate here.

Second, Defendants' motion seemingly ignores the proper breadth of the Court's inquiry at this stage of the proceedings. The Court is not called upon to resolve factual disputes in considering a Rule 12(b)(6) motion, and thus, submission of documents outside the complaint is generally inappropriate. Defendants ignore this rule and ask the Court to consider a partial transcript of Mr. Buchicchio's state court proceedings wherein Mr. Buchicchio was ordered released. The law is clear that this partial transcript may not be considered at this stage, but even if it is, it does little to support Defendants' argument for dismissal.

Third, Defendants further ignore that Mr. Buchicchio's complaint (which is rightfully considered on a Rule 12(b)(6) motion) asserts that despite any confusion with the court's language used in ordering Mr. Buchicchio released on March 6, 2021, Deputy Juge *knew* that Mr. Buchicchio had been ordered released because Juge discussed it with Mr. Buchicchio afterwards. Mr. Buchicchio alleges that Defendant Juge told him on multiple occasions that *he understood* that Judge Doggett ordered that Mr. Buchicchio be immediately released, yet he continued to detain Mr. Buchicchio for nearly three months subsequent to the hearing. Doc. 21, ¶¶ 72-76. Accordingly, Defendants attempt to offer documents outside of the pleadings to show Juge was not clearly informed does not advance their cause.

In sum, Defendants' motion is without merit and should be denied. Despite Defendants' arguments to the contrary, (1) Deputy Juge and Sheriff Cazes are not entitled to qualified

immunity, (2) Mr. Buchicchio has sufficiently alleged claims against Sheriff Cazes in his official capacity, (3) Mr. Buchicchio has stated a claim for failure to intervene against Deputy Juge, and (4) Mr. Buchicchio has stated claims under state law.

## SUMMARY OF RELEVANT ALLEGATIONS

This action arises from Mr. Buchicchio's unlawful overdetention from March 3, 2021 until May 25, 2021, during which time Mr. Buchicchio was incarcerated at the West Baton Rouge Transitional Work Facility ("WBRWRC"), which is headed by Defendant Steven Juge under the authority of Defendant Cazes, the sheriff of West Baton Rouge Parish. Doc. 21, ¶¶ 30-31, 73. At the March 3rd hearing, Judge Mary Doggett heard Mr. Buchicchio's *pro se* Motion to Clarify/Modify Sentence – Clarification of Credit for Time Served. *Id.* at ¶¶ 67-70. Judge Doggett granted Mr. Buchicchio's motion, entitling him to immediate release. *Id.* at ¶ 70. In comments to those in attendance, Judge Doggett communicated that she was confused and frustrated that Mr. Buchicchio remained incarcerated, because she previously ordered that he receive credit for time served, which should have resulted in his release. *Id.* at ¶ 69. Mr. Juge was present with Mr. Buchicchio at the March 3rd hearing and told Mr. Buchicchio that he understood that the judge's ruling entitled Mr. Buchicchio to be immediately released. *Id*. at ¶¶ 71-72.

Despite the March 3rd order, and Defendant Juge's acknowledgment that Mr. Buchicchio was entitled to immediate release, Juge continued to detain Mr. Buchicchio at the WBRWRC. Doc. 21 at ¶ 73. After the March 3rd hearing, Mr. Buchicchio asked Defendant Juge on several occasions why he was still being detained. *Id.* at ¶ 74. Defendant Juge responded that the issue was "out of [his] hands," indicating that DOC administration had not yet authorized Juge to release Mr. Buchicchio. *Id.* at ¶¶ 75-76. In May 2021, Mr. Buchicchio, who was still incarcerated, contacted the non-profit Promise of Justice Initiative ("PJI"), who wrote to DOC's counsel,

3

referencing the March 3, 2021 order. *Id.* at ¶¶ 78-79. PJI requested that Mr. Buchicchio be released him as soon as possible in light of the March 3, 2021 order. *Id.* at ¶¶ 78-79. Four days after this correspondence, Mr. Buchicchio was finally released from WBRWRC. *Id.* at ¶ 80.

## **LAW & ARGUMENT**

Mr. Buchicchio's detailed petition states cognizable claims for relief against Defendants Juge and Cazes. In evaluating a motion to dismiss a civil rights suit at the pleading stage, courts in this circuit require only that "a plaintiff's pleading contain a short and plain statement of the claim showing that the pleader is entitled to relief," and "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Arnold v. Williams*, 979 F.3d 262, 266 (5th Cir. 2020) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A complaint asserts a "facially plausible" claim if it "alleges facts that, accepted as true, allow a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See* 556 U.S. at 678.

In evaluating the complaint, the court "must accept the facts in the complaint as true," but is not required to "accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Arnold*, 979 F.3d at 266 (citing *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010)).

Additionally, the court must "draw[ ] all reasonable inferences in the nonmoving party's favor." *Franklin v. Regions Bank*, 976 F.3d 443, 447 (5th Cir. 2020). "A complaint may proceed even if recovery is very remote and unlikely, so long as the alleged facts raise a right to relief above the speculative level." *Littell v. Houston Indep. Sch. Dist.*, 894 F.3d 616, 622 (5th Cir. 2018).

**I.      Defendants' Proffered Transcript Should Not Be Considered Upon a Rule 12(b)(6) Motion.**

Defendants' motion is dominated by its repeated conclusions that a transcript of Mr. Buchicchio's proceedings in Judge Doggett's courtroom shows that "at no point did Judge Doggett suggest, much less unambiguously order," that Mr. Buchicchio be released. Doc. 29-1, p. 4. Defendants' Cazes and Juge proffer that the partial transcript definitively proves that Mr. Buchicchio's claim that he was entitled to immediate release after his appearance before Judge Doggett on March 6, 2021 is a "complete misrepresentation."

Generally, "in considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, including attachments thereto." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). A court may "consider documents attached to… a motion to dismiss… when the documents are referred to in the pleadings *and* are central to a plaintiff's claims." *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014) (emphasis added). For instance, in a breach of contract suit, the contract may be considered because it is central to the plaintiff's claims and necessarily referred to repeatedly in a plaintiff's complaint. *E.g., In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

If neither exception applies and a court "considers materials outside of the pleadings, the motion to dismiss must be treated as a motion for summary judgment under Rule 56(c)." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). Such a motion "is properly granted only when, viewing the evidence in the light most favorable to the nonmoving party, the record indicates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Id.* (citing Fed. R. Civ. P. 56(c).

> a. *The transcript provided is neither central nor referred to in Plaintiff's Complaint.*

Here, Defendants argue that the partial transcript they produced may be considered because it is central to Mr. Buchicchio's claim and incorporated by reference. Notably, Defendants offer no authority for their proposition that a <u>transcript</u> of proceedings may be deemed central to a claim and incorporated by reference into a Plaintiff's complaint, such that it is admissible in considering a Rule 12(b)(6) motion.

The transcript Defendants provide is neither central to Mr. Buchicchio's claims, nor is it referred to in his complaint, much less both. Buchicchio's claims concern his lawful right to be released from Defendants' custody as of March 2021 and his allegations that Defendants were aware of such a right. Unlike a breach of contract case where the document itself is the source of the rights and obligations of the parties, Mr. Buchicchio's claims do not rely upon the transcript of proceedings as a source of any of rights or obligations. Defendants seemingly point to the transcript as evidence that Judge Doggett's order granting Mr. Buchicchio immediate release was not as clear as he alleges, and remarkably, defendants contest that the court's order legally entitled Mr. Buchicchio to release at all. Defendants are incorrect – it is beyond dispute that Mr. Buchicchio was entitled to release pursuant to Judge Doggett's March 3, 2021 order, as DOC later acknowledged that when it released Mr. Buchicchio after receiving an email citing the March 3, 2021 order from an attorney assisting Mr. Buchicchio's family. Doc. 21, ¶¶ 79-80. Accordingly, the transcript is not central to Buchicchio's claims.

> b. *If considered, the transcript does little to help Defendants' arguments.*

If Defendants wish to offer the transcript as definitive proof that Deputy Juge was not aware that Buchicchio was entitled to immediate release, such an effort must fail. The transcript provided by Defendants undoubtedly depicts a portion of the proceedings leading to Buchicchio's release,

but it provides an incomplete picture. First, the transcript provided is not a definitive record of *all* the activity concerning Mr. Buchicchio's release that occurred before Judge Doggett that day. As the document is a traditional court transcript, it is necessarily limited in scope to the judge's on-the-record comments, so it does not capture, for instance, a judge's off-the-record comments to Mr. Buchicchio or admonishments to the state, the content of documents referenced at the hearing, or any sidebars concerning Mr. Buchicchio's future release that were rightfully omitted from the official transcript. Defendants' argument that this transcript is the sum total of the entire proceedings ignores the general realities of the modern criminal courtroom – there are often many off-the-record discussions that take place before, after, and during a video or teleconference hearing.[1]

Second, Defendants' argument ignores Mr. Buchicchio's well-pled allegation that, regardless of the clarity of Judge Doggett's comments, Deputy Juge later told Buchicchio that he understood the Judge's order and knew that Buchicchio was being overdetained in Defendants' WBRWRC jail. Giving this allegation the presumption of truth to which Mr. Buchicchio is entitled at this stage, such a fact obviates any need to determine whether the judge's precise words put Defendants on notice that Buchicchio had to be released.

### c. Defendants' ignorance claim is irrelevant per Harris.

Notably, even if Defendants are successful in their unconventional attempt to support their contention that they were unaware that Mr. Buchicchio was entitled to release, their ignorance is irrelevant pursuant to *Harris v. Clay Cnty.*, --- F.4th --- (5th Cir. 2022), No. 21-60456, 2022 WL

---

[1] Unlike in-person hearings where off-the-record discussions may take place when counsel approach the bench, off-the-record discussions between a judge and the parties are often in the same teleconference software as the on-the-record proceedings and can be heard by everyone in attendance. In this case, Buchicchio alleges that Defendant Juge attended the March 2021 video conference with him and thus would likely be privy to any off-the-record conversations that happened before, during or after the official proceedings. Thus, these discussions are also relevant to the fact issue of whether Juge knew or should have known that Buchicchio was entitled to immediate release.

7

3646129, at *5 (5th Cir. Aug. 24, 2022) (citing *Whirl v. Kern*, 407 F.2d 781, 792 (5th Cir. 1968)). In *Harris*, the court rejected a sheriff and deputies defense that they were unaware that the plaintiff was entitled to release, noting that if a defense of "ignorance of a court's ordering the defendant's release excused [the sheriff and deputy] from liability" then "nine months" of overdetention "could easily be nine years, and those nine years, ninety-nine years, and still as a matter of law no redress would follow." *See Harris*, 2022 WL 3646129, at *5. "The law does not hold the value of a man's freedom in such low regard." *Whirl*, 407 F.2d at 792.

Instead, "it has long been the law that sheriffs can be held responsible for unlawful detentions, especially…" – but not only – "when a court order tells them that the detainee should be released." *Harris*, 2022 WL 3646129, at *6, (citing *Whirl*, 407 F.2d at 792). As the Fifth Circuit recognized, jailers are not entitled to a "just-following-orders defense[ ]" in overdetention cases, "[e]ven when a detention" continues "pursuant to a valid court order…," if the jailer knows or should have known[2] that the plaintiff's due process rights are being violated. *See Harris*, 2022 WL 3646129, at *4. The court's reasoning for holding sheriffs accountable for timely release is sound:

> Ignorance and alibis by a jailer should not vitiate the rights of a man entitled to his freedom. A jailer, unlike a policeman, acts at his leisure. He is not subject to the stresses and split-second decisions of an arresting officer, and his acts in discharging a prisoner are purely ministerial. Moreover, unlike his prisoner, the jailer has the means, the freedom, and the duty to make necessary inquiries. While not a surety for the legal correctness of a prisoner's commitment, he is most certainly under an obligation, often statutory, to carry out the functions of his office. Those functions include not only the duty to protect a prisoner, but also the duty to effect his timely release.

---

[2] Of course, there are some reasonable limits to this doctrine – a sheriff does not run afoul of the law for unlawfully detaining a prisoner the instant a court order or other indication of entitlement to release occurs, but is "a reasonable time for the proper ascertainment of the authority upon which his prisoner is detained." *Whirl*, 407 F.2d at 792.

*Whirl*, 407 F.2d at 792 (internal cites omitted). Thus, for the purposes of this Rule 12(b)(6) motion, Defendants' efforts to prove that they were subjectively ignorant of the Mr. Buchicchio's entitlement to release is irrelevant.

## II. Defendants Are Not Entitled to Qualified Immunity.

### a. Defendants Unreasonably Detained Mr. Buchicchio in Violation of Clearly Established Law.

Defendants Juge (in his personal capacity) and Cazes (in his official capacity) argue that they are entitled to qualified immunity because the partial transcript they offer either shows that Mr. Buchicchio was not entitled to be released or that they acted reasonably. Defendants' argument again ignores Mr. Buchicchio's allegations, controlling law, and the scope of the court's review upon a Rule 12(b)(6) motion.

First, Defendant Cazes has been sued in his official capacity.[3] The law is clear that Defendants sued in their official capacity are not entitled to qualified immunity. *See Brandon v. Holt*, 469 U.S. 464, 472 (1985) (citing *Owen v. City of Independence*, 445 U.S. 622 (1980)); *see also Randle v. Tregre*, 147 F. Supp. 3d 581, 587 (E.D. La. 2015), *aff'd*, 670 F. App'x 285 (5th Cir. 2016) ("an official sued in his official capacity may not take advantage of a qualified immunity defense").

Deputy Juge on the other hand is sued in his personal capacity but is also not entitled to qualified immunity. Mr. Buchicchio's right to timely release was clearly established as of 2021. *Crittindon v. LeBlanc*, 37 F.4th 177, 188 (5th Cir. 2022). In *Crittindon*, the Fifth Circuit found that as of the 2016 and 2017 overdetentions at issue in that case, "it is without question that holding without legal notice a prisoner for a month beyond the expiration of his sentence" violates clearly

---

[3] As defendants' counsel is aware, Mr. Buchicchio is not asserting any individual capacity claims against Sheriff Cazes at this time. Doc. 19-1. Defendants' counsel was invited to confer with Plaintiff's counsel regarding this issue but declined.

9

established law. *Id.* (citing *Douthit v. Jones*, 619 F.2d 527, 532 (5th Cir. 1980)). In fact, the court found that overdetaining a prisoner by "thirty days is a per se deprivation of due process." *Id.* at 188, n. 36. Specifically, the law "establishes that a jailer has a duty to ensure that inmates are timely released from prison," and where specific officials have "fair warning that their failure to address" an issue will "result in the illegal detention" of prisoners beyond their release date, those officials are not entitled to qualified immunity. *Crittindon*, 37 F.4th at 189.

In *Harris*, the Fifth Circuit rejected a sheriff's qualified immunity defense where the sheriffs argued that the fault for any constitutional violation lies with others in the criminal justice system as Juge attempts to argue here. As referenced above, the court rebuffed the defendants' "just-following-orders" argument, deciding that a sheriff and deputy are not entitled to qualified immunity where an inmate in their custody was illegally detained for a prolonged period and they knew or should have known when he was to be lawfully released. *Harris*, 2022 WL 3646129, at **5-6. Further, the court noted that a sheriff cannot successfully argue that "his ignorance of a court's ordering the defendant's release excuses him from liability" where the sheriff unlawfully detains an inmate for a prolonged period. *Id.*

Here, Juge is alleged to have been aware of Buchicchio's illegal detention for its <u>entire duration</u> because not only was he present for the judge's ruling on Buchicchio's *pro se* motion, he told Mr. Buchicchio several times that he knew Mr. Buchicchio was entitled to release. Accordingly, Juge had *more* than the "fair warning" found in *Crittindon* and the prolonged ignorance criticized in *Harris*: Juge had <u>actual knowledge</u> that Mr. Buchicchio was entitled to release and continued to detain him. Despite his knowledge, Juge breached his duty to ensure Buchicchio's timely release. Juge is not entitled to qualified immunity on this basis.

### b. *Juge's Physical Custody Argument is Without Basis.*

Second, Juge argues that although Buchicchio was clearly overdetained nearly three months too long, Buchicchio was only in Juge's "physical custody" while being overdetained, not Juge's "actual custody." Doc. 29-1, p. 11. Juge asserts that the latter distinction, the "actual custody" of Mr. Buchicchio, was the purview of the Department of Corrections. *Id.* Thus, Juge argues, he was "not in the position to release Plaintiff at any time given [his] sole status as physical custodian of Plaintiff." Doc. 29-1, p. 11. Juge cites no precedent for the argument that only an official in "legal custody" of an overdetained prisoner is liable for violating the prisoner's rights, whereas the "physical" custodian is entitled to qualified immunity.

Juge's argument is meritless. Courts have long rejected arguments by officials that they are entitled to qualified immunity because they were not *solely* responsible for violating a prisoner's rights. For instance, the Fifth Circuit has dismissed this sort of finger-pointing between officials, finding that jailers may be held responsible where a "failure of communication" between official bodies causes an unlawful incarceration because that duty cannot "justifiably be placed on the head of a man immured in a lockup." *See Whirl v. Kern*, 407 F.2d 781, 792 (5th Cir. 1968); *see also Porter v. Epps*, 659 F.3d 440, 445 (5th Cir. 2011) ("[A] jailer has a duty to ensure that inmates are timely released from prison."). Accordingly, "[i]gnorance and alibis by a jailer should not vitiate the rights of a man entitled to his freedom." *Id.* at 792, *see also Harris*, 2022 WL 3646129, at *4 (when jailers attempt to place blame on courts or prosecutors, the Fifth Circuit has "rejected jailers' just-following-orders defenses").

In an overdetention case last year, Judge Dick rejected officials' arguments that they were free from fault for overdetaining a prisoner because others had a more significant role in the delay. *Hicks v. DPS&C,* 19-cv-109-DD-RLB (M.D. La., Aug. 10, 2021) (denying motion for summary

judgment on false imprisonment); *see also Crittindon v. Gusman*, No. 17-512, 2020 WL 1862467, at *8 (M.D. La. Apr. 13, 2020) (denying defendants' motion where defendants sought "to avoid liability by pointing the finger at one another, arguing that, although their actions may have been flawed, they were not ultimately responsible for the alleged Constitutional violations"). Indeed, in *Crittindon,* the Court specifically rejected the argument that "that physical custody is dispositive of the issue." *Id.* at *50.

Among such multiple defendants, the court held it is inappropriate to resolve such a question, even on summary judgment, as it is "up to the jury to determine which Defendants are liable, in what capacity, and in what proportion." *Hicks*; *see also Crittindon*, 2020 WL 1862467, at * 8 (finding that "the issue of which agency's, or combination of agencies', conduct was the moving force behind the alleged violations calls for significant credibility determinations and weighing of evidence, making this issue inappropriate for resolution on summary judgment").

For similar reasons, the Eastern District of Louisiana denied qualified immunity to Sheriff's Office defendants regarding overdetention of an inmate sentenced to the custody of the Department of Corrections. *Grant v. Gusman,* 17-cv-02797-NJB-DMD, R. Doc. 230 (E.D. La. March 30, 2021). In that case, as here, Sheriff's Office personnel were present for the judge's sentencing directive, a fact which supported the denial of qualified immunity. *Id*. at *12-16. Here, Juge's relative culpability for Mr. Buchicchio's overdetention is not dispositive at this early stage of the litigation and Juge is not entitled to qualified immunity based on such a comparison.

### III. Mr. Buchicchio Sufficiently Alleges Claims Against Sheriff Cazes in his Official Capacity.

Mr. Buchicchio does not allege a *Monell* claim for municipal liability against Sheriff Cazes, and agrees with the sheriff's argument that such a lack of *Monell* claim precludes recovery under § 1983 from the sheriff in his official capacity. However, Sheriff Cazes is liable in his official

capacity for all state law tort counts to which he is joined in this action. Defendants motion argues that Sheriff Cazes cannot be held liable in his official capacity *at all* in this action, an argument that ignores decades of case law finding that sheriffs can be held liable in the official capacity for the state law torts committed by their deputies. *See Deville v. Marcantel*, 567 F.3d 156, 174 (5th Cir. 2009) (citing *Brasseaux v. Town of Mamou*, 752 So.2d 815 (La. 2000)).

Louisiana law is clear that Sheriff Cazes, in his official capacity, is the proper party for a suit arising from the actions of his officers. According to the Fifth Circuit, in a suit under Louisiana tort law "against a sheriff, seeking to hold him vicariously liable for the tort of his employee or deputy, and not because of the sheriff's own negligence, the sheriff in his official capacity is the appropriate governmental entity on which to place responsibility for the torts of a deputy sheriff." *Burge v. Par. of St. Tammany*, 187 F.3d 452, 469–70 (5th Cir. 1999) (citing *Jenkins v. Jefferson Parish Sheriff's Office*, 402 So.2d 669, 671 (La.1981); and *Riley v. Evangeline Parish Sheriff's Office*, 637 So.2d 395 (La.1994)).

Here, Mr. Buchicchio sufficiently alleges claims for negligence and false imprisonment against Sheriff Cazes in his official capacity due to the actions of Defendant Juge, who Buchicchio alleges knowingly detained him for three months despite his entitlement to release. Mr. Buchicchio similarly alleges that vicarious liability and indemnification may be imposed upon Sheriff Cazes in his official capacity as a result of Juge's actions and omissions. Accordingly, Defendants' argument that Mr. Buchicchio has not asserted official capacity claims against Sheriff Cazes should be rejected.

### IV. Mr. Buchicchio Clearly Alleges a Failure to Intervene Claim Against Deputy Juge.

Defendants' argument concerning Mr. Buchicchio's failure to intervene claim against Deputy Juge again ignores the breadth of the court's inquiry at this stage of the proceedings, and Mr. Buchicchio's allegations. Defendants' motion, relying entirely upon a partial transcript to contest Mr. Buchicchio's allegations, argues that Mr. Buchicchio's failure to intervene claim fails because "there is no evidence whatsoever to show that Juge *knew* Plaintiff was being overdetained…" (emphasis original). Defendants even go so far as to declare that Mr. Buchicchio was not entitled to release and was not being overdetained, thus Juge had no duty to intervene.

Defendants' motion widely misses the mark. First, a court is not called upon to weigh evidence upon a Rule 12(b)(6) motion and instead is called upon to consider whether a plaintiff's well-pled factual allegations entitle him to relief. *Arnold v. Williams*, 979 F.3d 262, 266 (5th Cir. 2020) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Defendants' broad declaration that there is "no evidence" to support Mr. Buchicchio's allegation that Deputy Juge knew he was being overdetained is premature, incorrect, and irrelevant. There has been no discovery conducted in this case, so Defendants' motion makes blind declarations about the evidence at issue in this case before such evidence is even exchanged.

Second, Defendants are wrong on the facts alleged in this action. Considering Mr. Buchicchio's well-pled allegations, Mr. Buchicchio was significantly overdetained in Defendants' facility, all while Deputy Juge knew Mr. Buchicchio was entitled to release. Mr. Buchicchio's allegation that he was overdetained by nearly three months clearly alleges a constitutional violation. Deputy Juge's co-defendant in this action, James LeBlanc, notably does not contest that Mr. Buchicchio was detained beyond his lawful release date. In fact, DOC acknowledged as much when it released Mr. Buchicchio pursuant to an email from attorneys assisting Mr. Buchicchio's

family. Moreover, Buchicchio alleges that Juge not only *knew* that Mr. Buchicchio was entitled to release, he *told* Mr. Buchicchio several times that he was aware Mr. Buchicchio should be set free. Such allegations clearly state a failure to intervene claim.

**V. Mr. Buchicchio's Complaint Alleges State Law Claims Against Defendants.**

*a. False Imprisonment and Negligence are Distinct Claims.*

Defendants are incorrect that Mr. Buchicchio's negligence and false imprisonment claims should be interpreted as a single claim for relief. Specifically, Defendants lose their way in arguing that the tort of false imprisonment requires that a plaintiff prove that the defendant was negligent in addition to the well-recognized elements of the tort. As the Louisiana Supreme Court has made clear on several occasions, "the tort of false imprisonment consists of the following *two* essential elements: (1) detention of the person; and (2) the unlawfulness of the detention." *Kennedy v. Sheriff of E. Baton Rouge*, 05-1418 (La. 7/10/06), 935 So. 2d 669, 690 (citing *Kyle v. City of New Orleans*, 353 So.2d 969 (La. 1977)) (emphasis added); *see also McNeal v. Louisiana Dep't of Pub. Safety & Corr.*, No. 18-736, 2022 WL 1144826, at *4 (M.D. La. Apr. 18, 2022) (false imprisonment "consists of the following two essential elements: (1) detention of the person; and (2) the unlawfulness of the detention.") There is no requirement to prove negligence.

Defendants cite *Hayes v. Kelly*, 625 So. 2d 628, 631 (La. App. 3 Cir. 1993), *writ denied*, 633 So. 2d 171 (La. 1994), and *Griffin v. City of Lafayette*, 166 F.3d 340 (5th Cir. 1998) for the proposition that negligence is also required in addition to the tort's traditional elements. Defendants' cited authority does not support that off-base conclusion. *Hayes* is a 1993 case decided by the Louisiana Third Circuit before the state Supreme Court's 2006 decision in *Kennedy*. In *Hayes*, the Third Circuit panel announced an entirely new set of elements blending the tort of false imprisonment with negligence in a manner that have rarely, if ever, been applied since that

15

time. As an outlier case that was likely superseded by *Kennedy*, *Hayes* does not support the novel reading Defendants' argue for here.

Defendants' citation to *Griffin*, a short Fifth Circuit *per curiam* opinion not selected for publication, is even more unpersuasive. The court in *Griffin* was not dealing with a false imprisonment tort claim. Instead, the court was called upon to affirm the dismissal of a civil claim under La. Code Crim. Proc. art. 230.1, i.e., a case wherein a sheriff violated his duty to bring a prisoner before a judge within 72 hours of arrest. *Griffin*, 166 F.3d at 340. The cause of action at issue in *Griffin* was established by the Louisiana Supreme Court in *State v. Wallace*, 392 So.2d 410, 413 (La. 1980), and is distinct from a false imprisonment claim. It requires that the plaintiff prove that the defendant sheriff negligently failed "to release an arrestee after seventy-two hours if no hearing has been held." 166 F.3d at 340 (citing *Carlton v. Foti,* 660 So.2d 76, 78 (La. App. 4 Cir. 1995)). *Griffin* does not change the elements of false imprisonment as Defendants' argue. Accordingly, Defendants efforts to blend Mr. Buchicchio's negligence and false imprisonment claims into a single cause of action is not supported by Louisiana law.

### b. Mr. Buchicchio's False Imprisonment Claim Is Sufficiently Pled.

Defendants Juge and Cazes argue that Mr. Buchicchio's false imprisonment and negligence claims (which Defendants attempt to amalgamate into a single claim) fail to state a cause of action because (1) Defendants "had the appropriate legal authority to detain" Mr. Buchicchio, (2) "Plaintiff does not dispute that he was in the legal custody of DOC and was merely in the physical custody of [Cazes and Juge]." Doc. 29-1 at 16. Defendants arguments are incorrect on the facts and the law.

First, as explained above, Mr. Buchicchio sufficiently alleges that he was unlawfully detained beyond his lawful release date, a well-pled fact further supported by the circumstances

16

surrounding his incarceration. See Doc. 21, ¶¶ 33-55. Defendants attempt to re-write the facts alleged by Mr. Buchicchio by again relying upon a partial transcript of the March 3, 2021 court date. Again, Defendant go so far as to claim not only that Mr. Buchicchio's release orders were not sufficiently clear, but also that Mr. Buchicchio was not entitled to release *at all*. Defendants' selective reading of the transcript is unsound, and it fails to upend Mr. Buchicchio's well-pled allegations. In fact, as explained above, Defendants argument that they had authority all along to detain Mr. Buchicchio is without basis given DOC's and the court system's interpretation of the March 3, 2021 order. Regardless, whether Mr. Buchicchio was entitled to release is a fact question that is inappropriate to resolve on a Rule 12(b)(6) motion where Mr. Buchicchio has sufficiently alleged that he was so entitled.

Second, Mr. Buchicchio clearly alleges that he was, in fact, detained by Juge and Cazes and has never suggested, much less conceded that he was "merely in the physical custody" of Defendants. Doc. 1, ¶¶ 9, 67, 74-81. In any case, such a distinction is irrelevant because courts have repeatedly held that multiple jailers may be responsible for detaining a prisoner without legal justification. *E.g., Crittindon v. Gusman*, No. 17-512, 2020 WL 1862467, at *8 (M.D. La. Apr. 13, 2020). In analyzing state law false imprisonment claims in *Crittindon*, Judge Dick found that both DOC officials and local sheriff's offices can be liable for false imprisonment where the prisoner is "physically held" by a local sheriff's office, while "serving DOC sentences." *Id.* at *22. (denying DOC's motion for summary judgment). As explained above in opposition to Defendants' qualified immunity argument, when multiple defendants were involved in wrongfully imprisoning a plaintiff, it is "up to the jury to determine which Defendants are liable, in what capacity, and in what proportion." *Hicks,* 19-cv-109-DD-RLB (M.D. La., Aug. 10, 2021) (denying

motion for summary judgment on false imprisonment). Thus, Juge and Cazes motion to dismiss Mr. Buchicchio's false imprisonment claims should be denied.

### c. Mr. Buchicchio Has Alleged a Valid Negligence Claim.

Defendants' argument against Mr. Buchicchio's negligence claim again attempts to distort the record before the court and ignore Mr. Buchicchio's well-pled allegations. After reciting the elements of a negligence cause of action, Defendants assert that they are entitled to dismissal because Mr. Buchicchio was "clearly held under color of legal authority" and Defendants "were not ordered by any controlling authority to release Plaintiffs…" Doc. 29-1, p. 17.

Again, Defendants are simply incorrect. Mr. Buchicchio has alleged that Defendants owed him a duty, as they owe to all those they detain, to ensure that Defendants do not withhold an individual's liberty without lawful authority to do so. Doc. 21, ¶ 133. The Fifth Circuit recently agreed with Mr. Buchicchio's position here, holding that the law "establishes that a jailer has a duty to ensure that inmates are timely released from prison." *Crittindon*, 37 F.4th at 189. Defendants breached that duty when they continued to detain Mr. Buchicchio despite many indications that they had no lawful authority. Doc. 21, ¶ 134. The harm to Mr. Buchicchio was precisely within the scope of protection afforded by Defendants' duties, and caused Mr. Buchicchio to lose his liberty for almost three months. *Id.* at ¶¶ 135 – 36. Thus, Mr. Buchicchio has alleged a cause of action for negligence and Defendants' motion should be denied.

**VI. Defendants Fail to Make Any Substantive Argument to Dismiss Mr. Buchicchio's Claims Under the Louisiana Constitution or Vicarious Liability.**

Defendants' motion includes two sparse arguments concerning Mr. Buchicchio's Louisiana Constitution and vicarious liability claims. Neither shows that dismissal is appropriate.

First, Defendants argue that Mr. Buchicchio's vicarious liability claim must be dismissed because "[a]s stated above, all of Plaintiff's Louisiana state law claims are prescribed…" Doc.

29-1, pp. 17-18. In a footnote, Defendants add that Mr. Buchicchio's indemnity claim should also be dismissed for the same reasoning. *Id.* at p. 18, n. 34. However, Defendants submit no argument in their motion that Mr. Buchicchio's claims are prescribed. Instead, this passage appears to be a vestige of an argument in Defendants' prior motion to dismiss brief, which has been abandoned in this iteration. *See* Doc. 8-1, p. 18. To the extent Defendants argue that Plaintiff's claim should be dismissed for prescription reasons, Plaintiff hereby adopts and incorporates by reference his prior argument opposing Defendants' first motion. Doc. 13, p. 9. Given that Defendants' motion contains no grounds for dismissal to support its argument in this respect, the motion should be denied.

Second, Defendants briefly argue that Mr. Buchicchio's claims under the Louisiana Constitution should be dismissed because Mr. Buchicchio's allegations fail to show that he was "denied his rights to liberty and due process." Doc. 29-1, p. 17. Again, this argument should be rejected as it patently ignores Mr. Buchicchio's well-pled allegations that Defendants knowingly detained him without lawful authority, which violates his rights under the Louisiana Constitution. Thus, Defendants' motion should be denied.

**WHEREFORE**, after due proceedings, Mr. Buchicchio respectfully requests that the Court deny Defendants' Motion to Dismiss (Doc. 29), except as to Count I against Defendant Cazes (in his official capacity), which Plaintiff agrees may be dismissed at this time. Defendants' motion to dismiss concerning all other claims should be denied. If, however, this Court finds that the allegations in Mr. Buchiccchio's complaint are insufficient, Plaintiff asks for leave to amend his complaint so that he may add additional allegations and clarify his existing factual contentions.

Respectfully submitted:

*/s/ Jacob K. Weixler*
Jacob K. Weixler, 36076
WEIXLER LAW LLC
P.O. Box 52197
New Orleans, Louisiana 70152-2197
1926 Washington Ave.
New Orleans, Louisiana 70113-1730
Tel: (504) 408-2180
Fax: (504) 814-1728
jkw@weixlerlaw.com

*-AND-*

William Most (La. Bar No. 36914)
Caroline Gabriel (La. Bar No. 38224)
201 St. Charles Ave., Ste. 114 #101
New Orleans, LA 70170
Tel: (504) 509-5023
Email: williammost@gmail.com

*Attorneys for Plaintiff*