## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **NICHOLAS BUCHICCHIO** | * | **CIVIL ACTION** |
| | * | |
| | * | **NO.:  3:22-cv-00147-BAJ-EWD** |
| **VERSUS** | * | |
| | * | **JUDGE BRIAN A. JACKSON** |
| **JAMES LEBLANC, KIRT GUERIN,** | * | |
| **CHELSEA JONES, STEVEN JUGE,** | * | **MAGISTRATE JUDGE** |
| **MIKE CAZES, AND DOES 1-10** | * | **ERIN WILDER-DOOMES** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### DEFENDANT LEBLANC'S RESPONSES TO PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS

**NOW INTO COURT**, through undersigned counsel, comes defendant James LeBlanc, individually and in his official capacity as Secretary of the Louisiana Department of Public Safety and Corrections, who respectfully responds to Plaintiff's *First Set of Discovery Requests* as follows:

### GENERAL OBJECTIONS & COMMENTS

These objections apply to each and every response to the requests herein. All information provided in these responses is made without waiver of and subject to these objections:

1. Defendants object to the requests to the extent they are vague, unclear, ambiguous, and/or confusing, especially those that use undefined terms.

2. Defendants object to the discovery requests to the extent they seek documents or information that are already in the possession or control of the plaintiffs or plaintiffs' counsel, or that are equally available to the plaintiffs as they are to Defendants.

3. Defendants object to any purported statement of facts or implications regarding those facts or characterizations of the facts, events, circumstances or issues in this litigation as described in

1

the requests. Any response by Defendants is not intended to indicate agreement with any alleged factual statements by plaintiffs.

4. Defendants reserve the right to supplement any responses herein as additional facts, documents and other information are obtained through discovery.

5. Defendants object to merits-based discovery prior to class certification.

6. Defendants object to the overbroad time frame indicated in these requests.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Explain why DOC issued a warrant for Plaintiff's arrest between February 11, 2020 and June 20, 2020 and who was involved in making that decision.

**RESPONSE TO INTERROGATORY NO. 1:**

Objection is made to this request that seeks information that is not likely to lead to the discovery of admissible evidence, as this lawsuit only concerns the events that took place between March and May 2021. Reserving those objections, Plaintiff was sentenced on January 16, 2020, to serve seven years of hard labor. The Uniform Commitment Order stated that credit for time served was to be applied pursuant to Article 880, which means that Plaintiff would only get credit for time served on that specific charge.

On February 24, 2020, DPSC received a partial pre-class packet from Rapides Parish, which did not include the AFIS print and photograph. The Jail Credit Letter listed that Plaintiff was transferred on January 17, 2020, to East Baton Rouge. On February 27, 2020, DPSC was notified that East Baton Rouge Parish released Plaintiff in error because they purportedly were unaware that he received a DPSC sentence. On February 28, 2020, Plaintiff's time computation

was performed. The Jail Credit letter from Rapides Parish listed time in custody from May 8, 2019, to January 16, 2021, giving Plaintiff 253 days of jail credit. Plaintiff's good time release date was October 1, 2021. Because Plaintiff had not served his seven-year sentence, Plaintiff was listed as released in error in the CAJUN system.

**INTERROGATORY NO. 2:**

Identify all steps (including the date of the step) any person at the DOC took between June 20, 2020 and May 25, 2021 to obtain Plaintiff's sentencing minutes or any other document from Court to verify Plaintiff's complaint that he should have been released.

**RESPONSE TO INTERROGATORY NO. 2:**

Objection. This request is vague, overbroad and unduly burdensome. Further objection is made to this request that seeks information that is not likely to lead to the discovery of admissible evidence, as this lawsuit only concerns the events that took place between March and May 2021. Lastly, DPSC is not in possession of any ARPs or "complaints" filed by Plaintiff regarding his release date. Reserving those objections, see the pre-class packet and master prison record produced herein.

**INTERROGATORY NO. 3:**

Explain why Plaintiff was not released from custody on good time parole within 48 hours of January 17, 2020 and why he was released on February 11, 2020 instead.

**RESPONSE TO INTERROGATORY NO. 3:**

Objection. This request is vague, ambiguous and call for a legal conclusion. Further objection is made to this request that seeks information that is not likely to lead to the discovery of admissible evidence, as this lawsuit only concerns the events that took place between March and May 2021. Reserving those objections, See response to Interrogatory No. 1.

3

**INTERROGATORY NO. 4:**

Identify all steps (including the date of the step) any person at the DOC took in calculating Plaintiff's release date between January 17, 2020 and February 11, 2020.

**RESPONSE TO INTERROGATORY NO. 4:**

Objection. This request is vague, ambiguous and call for a legal conclusion. Further objection is made to this request that seeks information that is not likely to lead to the discovery of admissible evidence, as this lawsuit only concerns the events that took place between March and May 2021. Reserving those objections, See response to Interrogatory No. 1.

**INTERROGATORY NO. 5:**

Identify all steps (including the date of the step) any person at the DOC took in calculating Plaintiff's release date between June 20, 2020 and May 25, 2021.

**RESPONSE TO INTERROGATORY NO. 5:**

Objection. This request is vague, overbroad and unduly burdensome. Further objection is made to this request that seeks information that is not likely to lead to the discovery of admissible evidence, as this lawsuit only concerns the events that took place between March and May 2021. Reserving those objections, see the pre-class packet and master prison record produced herein.

**INTERROGATORY NO. 6:**

Identify all steps (including the date of the step) any person at the DOC took in response to the March 3, 2021 order from Judge Doggett which stated that Plaintiff shall "receive credit for time served specifically while on detainer since the time of 10.16.2017 until 5.7.2019."

**RESPONSE TO INTERROGATORY NO. 6:**

Objection. This request is vague, overbroad and unduly burdensome. DPSC was not provided the sentencing minutes from the March 3, 2021, hearing in Rapides Parish until May 24,

4

2021, as shown by the minutes dates May 24, 2021. On May 25, 2021, Plaintiff's time computation was reworked based on the amended sentencing minutes, providing 821 days of jail credit, making him eligible for release. Plaintiff was released on May 25, 2021.

**INTERROGATORY NO. 7:**

Explain what roles and/or what actions were taken by the following DOC employees related to calculating Plaintiff's release date and responding to his grievances:

Chelsea Jones

Tatanisha Hookfin-White

Jaqui Chrisentery

Tijuana Marshall

Nahria Brown.

**RESPONSE TO INTERROGATORY NO. 7:**

Objection. This request is vague, overbroad and unduly burdensome. Further objection is made to this request that seeks information that is not likely to lead to the discovery of admissible evidence, as this lawsuit only concerns the events that took place between March and May 2021. Reserving those objections, see the pre-class packet and master prison record produced herein. These individuals worked at EHCC and were copied on the letter from Chelsea Jones to Plaintiff.

**INTERROGATORY NO. 8:**

Identify the date the DOC received a complete preclassification packet for Plaintiff between January 17, 2020 and February 11, 2020.

**RESPONSE TO INTERROGATORY NO. 8:**

Objection. This request is vague, overbroad and unduly burdensome. Further objection is made to this request that seeks information that is not likely to lead to the discovery of admissible

5

evidence, as this lawsuit only concerns the events that took place between March and May 2021. Reserving those objections, DPSC did not receive a completed pre-class packet during those dates.

**INTERROGATORY NO. 9:**

Identify the date the DOC completed calculating Plaintiff's release date between January 17, 2020 and February 11, 2020.

**RESPONSE TO INTERROGATORY NO. 9:**

Objection. This request is vague, overbroad and unduly burdensome. Further objection is made to this request that seeks information that is not likely to lead to the discovery of admissible evidence, as this lawsuit only concerns the events that took place between March and May 2021. Reserving those objections, see response to Interrogatory No. 1.

**INTERROGATORY NO. 10:**

Identify the date the DOC received a complete preclassification packet for Plaintiff between June 20, 2020 and July 1, 2020.

**RESPONSE TO INTERROGATORY NO. 10:**

Objection. This request is vague, overbroad and unduly burdensome. Plaintiff's time computation was performed prior to June 20, 2020.

**INTERROGATORY NO.11:**

Identify the date the DOC completed calculating Plaintiff's release date between June 20, 2020 and July 1, 2020.

**RESPONSE TO INTERROGATORY NO. 11:**

Objection. This request is vague, overbroad and unduly burdensome. Plaintiff's time computation was performed prior to June 20, 2020.

**INTERROGATORY NO. 12:**

Identify the date the DOC received a complete preclassification packet for Plaintiff between March 3, 2021 and May 25, 2021.

**RESPONSE TO INTERROGATORY NO. 12:**

Objection. This request is vague, overbroad and unduly burdensome. DPSC received amended sentence on May 24, 2021, and Plaintiff was released on May 25, 2021.

**INTERROGATORY NO. 13:**

Identify the date the DOC completed calculating Plaintiff's release date between March 3, 2021 and May 25, 2021.

**RESPONSE TO INTERROGATORY NO. 13:**

Objection. This request is vague, overbroad and unduly burdensome. DPSC received amended sentence on May 24, 2021, and Plaintiff was released on May 25, 2021.

**INTERROGATORY NO. 14:**

Identify why Plaintiff was not transported to court nor provided with remote access to court dates in the 9th JDC between November 20, 2020 and March 2, 2021.

**RESPONSE TO INTERROGATORY NO. 14:**

Objection. This request is vague, overbroad and unduly burdensome. Reserving those objections, in 2020, due to COVID restrictions, DPSC informed the courts that court trips were suspended. DPSC offered to conduct hearings through Zoom. DPSC does not have any records of hearing dates for remote hearings for Plaintiff between November 20, 2020, and March 2, 2021. Further, the Court Minutes show that the Court, on its own motion, reset the hearing previously scheduled for February 22, 2021, to March 3, 2021. DPSC provided transfer for the March 3, 2021, hearing, as court trips were reinstated.

7

**INTERROGATORY NO. 15:**

Describe the procedure for identifying and handling criminal defendants who are ordered to credit for time served by the sentencing judge, including the identification and handling of their release dates.

**RESPONSE TO INTERROGATORY NO. 15:**

Objection. This request is vague and ambiguous such that it is difficult to respond to the request. Reserving those objections, see documents produced herein.

**INTERROGATORY NO. 16:**

Describe the procedure for releasing prisoners under DOC custody when it is determined that they have been held past their legal release date.

**RESPONSE TO INTERROGATORY NO. 16:**

Objection. This request is vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Reserving those objections, offenders are cleared for release through the release clearing checklist.

**INTERROGATORY NO. 17:**

Identify all software, from 2017 to the present, used by the DOC to calculate prisoner sentences.

**RESPONSE TO INTERROGATORY NO. 17:**

Objection. This request is vague, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence. Reserving those objections, CAJUN.

**INTERROGATORY NO. 18:**

Identify all instances of discipline or adverse employment activity for DOC employees who have incorrectly computed sentences or release dates, from 2000 to the present.

8

**RESPONSE TO INTERROGATORY NO. 18:**

Objection. This request is vague, ambiguous, unduly burdensome and not narrowly tailored to the needs of this case. DPSC does not have a mechanism to search disciplinary violations by topic.

**INTERROGATORY NO. 19:**

Identify all steps you have taken to mitigate or prevent the risk of overdetention of DOC inmates.

**RESPONSE TO INTERROGATORY NO. 19:**

Objection. This discovery request is impermissibly vague, overbroad, and unduly burdensome in that it incorporates the words "mitigate" and "overdetention," which are susceptible to multiple definitions or connotations, particularly in the legal context, thus making this request incapable of a response. Further, Defendant objects because this request improperly seeks a legal conclusion, particularly including a determination of "overdetention," a term that is not defined. Reserving those objections, the issues arising from what Plaintiff calls "overdetention" are caused by forces outside of DPSC's control. Nevertheless, DPSC provides the following is a non-exclusive list of ongoing efforts that DPSC undertakes relating to release of offenders:

- Following the LSS Study, the pre-classification department in the Department of Corrections was centralized into DOC Headquarters in Baton Rouge.
- In response to the LSS Study, DPSC also attempted have legislation passed to mandate a time period for the clerks and sheriffs to provide the Pre-Class packet to DPSC. This legislation did not pass
- Worked with Supreme Court to develop the UCO template and require in statute that judges use the Uniform Commitment Order (UCO) to document and provide conviction and sentencing information.
- Opened a second reception center at Raymond LaBorde Correctional Center.
- Proposed Felony Class system as a part of the 2017 JRI Legislative package; due to pushback – this was removed and turned into a Felony Class Taskforce.
- Development of Customized Data Management System
- Created and incorporated training manual and classes for the pre-class division staff at HQ.

9

- Provide training at the sheriff's/wardens conferences regarding the paperwork process.
- Provided training at the Louisiana Judicial College to assist with implementing consistent sentences.
- Solicited the passage of HSCR 1 of 2020 Rep Katrina Jackson – to commence study committee
- Established new type of position in Pre-class – time computation review and auditing.
- Implemented a secondary review of time computations/intake and a post-release file review to further identity/reduce errors.
- Spearheaded multiple meetings with clerks of court/sheriffs/Supreme Court in attempt to address multi-party issues.
- In 2019, LDOC applied for a grant with the Department of Justice. LDOC sought funds to assist with obtaining the documents required under the law to perform a time computation from the local jails after prisoners were sentenced to LDOC time. LDOC was not awarded the grant.
- Filed legislation in 2020 session to require that sheriffs and clerks of court provide statutorily required sentencing paperwork to LDOC within a 14 day time period. (bill was not heard due to COVID-19)
- During the 2021 Legislative Session, the Department of Corrections attempted to have two separate bills introduced to assist it in the time computation process. Neither bill was successfully passed.
- LDOC revised a department regulation that requires identification of offenders who are potential immediate releases, and gives those offenders priority for time computation.[1] If immediate release offenders are not released within two days of LDOC receiving the paperwork, the Pre-Class employees must create a case narrative to explain the problems encountered during the time computation process.
- Developed and implemented new Offender Management System.
- Developed and deployed a state-wide electronic document submission portal to allow local facilities to upload paperwork directly to DPSC.
- created a Preclass Compliance and Auditing section, comprised of 5 positions and a compliance audit manager.
- Continue to update and implement new training, including a new onboarding process and well as continued training of employees.

**INTERROGATORY NO. 20:**

Identify all policies and procedures regarding the calculation of release dates, and all training provided to DOC employees tasked with calculating release dates.

**RESPONSE TO INTERROGATORY NO. 20:**

Objection. This discovery request is impermissibly vague, overbroad, and unduly

---

[1] Department Regulation No IS-B-3.

10

burdensome. No time frame is given. Reserving those objections, see attached documents.

**INTERROGATORY NO. 21:**

Identify which of the recommendations of the 2012 Six Sigma Preclassification investigation were implemented.

**RESPONSE TO INTERROGATORY NO. 21:**

Objection. This discovery request is impermissibly vague, overbroad, and unduly burdensome. Reserving those objections, all of them.

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

All documents any Defendant may use at the trial of this matter to support any defense including those described in Defendants' initial disclosures.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Objection. This request is vague and ambiguous. Reserving those objections, see attached documents.

**REQUEST FOR PRODUCTION NO. 2:**

All Administrative Remedy Procedures ("ARP") filed by Plaintiff, all notes, records and emails referring to Plaintiff's ARPs, and any responses made to Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Objection. This request is vague and ambiguous. Reserving those objections, there is no record of any ARPs filed by Plaintiff.

**REQUEST FOR PRODUCTION NO. 3:**

All policies, manuals, memoranda, internal documents or other materials that guide DOC personnel regarding computing sentence length, calculating release dates for inmates (including

inmates with credits for time served), preparing for the release of inmates and and/or what to do in the event of overdetention or need for immediate release.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Objection. This request is vague, ambiguous and overbroad. No time frame is given. Reserving those objections, see attached documents.

**REQUEST FOR PRODUCTION NO. 4:**

All documents used by the DOC Pre-Classification Department related to Plaintiff, including the completed "Pre-classification package", from January 17, 2020 and February 11, 2020.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Objection. This request is vague and overbroad. Defendants do not maintain pre-class packets on a month to month basis. Reserving those objections, see Plaintiff's pre-class packet as it is kept in the ordinary course of business.

**REQUEST FOR PRODUCTION NO. 5:**

All documents used by the DOC Pre-Classification Department related to Plaintiff, including the completed "Pre-classification package", from June 20, 2020 and July 1, 2020.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

See objections and response to Request No. 4.

**REQUEST FOR PRODUCTION NO. 6:**

All documents used by the DOC Pre-Classification Department related to Plaintiff, including the completed "Pre-classification package", from March 3, 2021 and May 25, 2021.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

See objections and response to Request No. 4.

**REQUEST FOR PRODUCTION NO. 7:**

All communications between any employees of the DOC related to Plaintiff's sentence, time computation, release date and grievances between January 17, 2020 to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Objection. This request is vague, ambiguous and overbroad. Reserving those objections, see attached.

**REQUEST FOR PRODUCTION NO. 8:**

All communications between any employees of the DOC and a third party related to Plaintiff's sentence, time computation, release date and grievances between January 17, 2020 and the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Objection. This request is vague, ambiguous and overbroad. Reserving those objections, see attached.

**REQUEST FOR PRODUCTION NO. 9:**

A copy of the arrest warrant issued for Plaintiff's arrest between February 11, 2020 and June 20, 2020.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Objection. This request is vague, ambiguous and overbroad. Reserving those objections, DPSC cannot locate a copy of the arrest warrant.

**REQUEST FOR PRODUCTION NO. 10:**

A copy of the application for the arrest warrant issued for Plaintiff's arrest between February 11, 2020 and June 20, 2020.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Objection. This request is vague, ambiguous and overbroad. Reserving those objections, DPSC cannot locate a copy of the arrest warrant.

**REQUEST FOR PRODUCTION NO. 11:**

Any and all communications between DOC employees and any other person or agency related to the arrest warrant issued for Plaintiff's arrest between February 11, 2020 and June 20, 2020.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Objection. This request is vague, ambiguous and overbroad. Reserving those objections, see attached.

**REQUEST FOR PRODUCTION NO. 12:**

Any and all communications received by DOC from WBRWRC related to Plaintiff.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Objection. This request is vague, ambiguous and overbroad. Reserving those objections, see master prison record.

**REQUEST FOR PRODUCTION NO. 13:**

Any and all non-privileged communications between Jonathan Vining and any DOC employee related to Plaintiff between May, 1, 2021 and July 1, 2021.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Objection. This request is vague, ambiguous, overbroad and seeks information protected by the attorney client privilege. Communications with Jonathan Vining are privileged.

**REQUEST FOR PRODUCTION NO. 14:**

All documents that reflect job descriptions for records analysts at the DOC.

14

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Objection is made as this request is overbroad, unduly burdensome and not likely to lead to the discovery of admissible evidence. Defendant object to this Request insofar as every ARDC position has a unique job description. Furthermore, as every ARDC position across the DOC has a unique job description, DOC would have compile each and every one. Reserving these objections, see attached Civil Service Job Descriptions for the ARDC Manager, ARDC Supervisor, ARDC Specialist 3, ARDC Specialist 2, and ARDC Specialist 1 position.

**REQUEST FOR PRODUCTION NO. 15:**

All documents identified in responses to interrogatories or requests for admission.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

See attached.

**RESPONSES TO REQUESTS FOR ADMISSIONS**

**REQUEST FOR ADMISSIONS NO. 1:**

When Plaintiff pled guilty to theft in the 9th JDC in case number 343-435 on January 17, 2020, he had served enough time in jail from his arrest on March 17, 2027 to be eligible for release on good time parole.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 1:**

Denied.

**REQUEST FOR ADMISSIONS NO. 2:**

Plaintiff was eligible for release on March 29, 2020 according to the order of Judge Mary Lauve Doggett on March 3, 2021.

15

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 2:**

Denied.

**REQUEST FOR ADMISSIONS NO. 3:**

Plaintiff was ordered to be released on March 3, 2021 by Judge Mary Lauve Doggett.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 3:**

Denied.

**REQUEST FOR ADMISSIONS NO. 4:**

The DOC did not release Plaintiff within forty-eight hours of March 3, 2021.

**RESPONSE TO REQUEST FOR ADMISSIONS NO. 4:**

It is admitted only that Plaintiff was released on May 25, 2021 less than a day after receiving the amended sentence.

Respectfully submitted,

**LIZ MURRIL**
**ATTORNEY GENERAL**

By:  s/Andrew Blanchfield
Andrew Blanchfield, T.A. (#16812)
Email: ablanchfield@keoghcox.com
C. Reynolds LeBlanc (#33937)
Email: rleblanc@keoghcox.com
Chelsea A. Payne (#35952)
Email: cpayne@keoghcox.com
Special Assistant Attorneys General
Post Office Box 1151
Baton Rouge, Louisiana 70821
Telephone: (225) 383-3796
Facsimile: (225) 343-9612

## **CERTIFICATE OF SERVICE**

I hereby certify that the above and foregoing has been served this day upon all known counsel of record by placing a copy in the United States Mail, properly addressed and postage prepaid, and/or by electronic transmission and/or facsimile transmission.

Baton Rouge, Louisiana, this 29th day of August, 2025.

*/s/ Andrew Blanchfield*
Andrew Blanchfield

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| NICHOLAS BUCHICCHIO | * CIVIL ACTION |
| | * |
| | * NO.: 3:22-cv-00147-BAJ-EWD |
| VERSUS | * |
| | * JUDGE BRIAN A. JACKSON |
| JAMES LEBLANC, KIRT GUERIN, | * |
| CHELSEA JONES, STEVEN JUGE, | * |
| MAGISTRATE JUDGE | |
| MIKE CAZES, AND DOES 1-10 | * ERIN WILDER-DOOMES |

************************************************************

### VERIFICATION

I, Angela Griffin, state as follows:

During the relevant time frame of this lawsuit, I was employed by DPSC as a Program Manager. As a part of my job duties, I oversaw the DPSC's Pre-Classification Department. I have reviewed the DPSC's Responses to Plaintiff's First Set of Interrogatories. I verify under penalty of perjury that the responses are true and correct to the best of my knowledge, information and belief. I also served at the Rule 30(b)(6) representative for DPSC's deposition in this matter.

Executed this ____ day of October, 2025.

_____
Angela Griffin