UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

NICHOLAS BUCHICCHIO                CIVIL ACTION NO. 3:22-cv-00147-BAJ-EWD

VS.                                JUDGE BRIAN A. JACKSON

JAMES LEBLANC, ET AL.              MAG. ERIN WILDER-DOOMES

**MEMORANDUM IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT [R. DOC. 57]**

**MAY IT PLEASE THE COURT:**

Now come Sheriff Jeff Bergeron and Steven Juge ("Defendants"), who respond to Plaintiff's Motion for Partial Summary Judgment addressing the sole issue of his Louisiana state law false imprisonment claim.[1] For the reasons more fully listed below, Defendants submit that Plaintiff has failed to meet his burden in various aspects and, as such, his Motion for Partial Summary Judgment should be denied.

**I. FACTS**

On March 1, 2021, Plaintiff entered the custody of the West Baton Rouge Parish Sheriff's Office as a DOC inmate.[2] Shortly after Plaintiff's arrival, Warden Steven Juge facilitated a virtual hearing between Plaintiff and Judge Doggett of the Ninth Judicial District Court for Rapides Parish due to Plaintiff's belief that his DOC time had been calculated incorrectly.[3] At the conclusion of that hearing Judge Doggett amended Plaintiff's criminal minutes to reflect credit for time served for the period of October 16, 2017 through May 7, 2019.[4] Despite Plaintiff's claim that Judge

---

[1] R. Doc. 57. Sheriff Jeff Bergeron was automatically substituted for former Sheriff Mike Cazes under Fed. R. Civ. P. 25(d) when the former sheriff left office in 2024. Even if this had not been the case, former Sheriff Mike Cazes died on or about November 24, 2025, thereby warranting substitution under Fed. R. Civ. P. 25(a)(1).
[2] See Exhibit A, Deposition Transcript of Warden Steven Juge, pages 27-28.
[3] *Id.*, page 48, lines 4-12; 17-19.
[4] See Exhibit B, Transcript of the March 3, 2021 hearing in the matter of *State of Louisiana v. Nicholas Buchiccio,* Criminal Docket No. 343,435, Ninth Judicial District Court, Parish of Rapides, State of Louisiana.

Doggett "unambiguously" ordered Warden Juge to release Plaintiff "immediately" at the conclusion of that hearing,[5] no such directive appears in the transcript of that hearing.[6] Nor was Warden Juge ever instructed by Judge Doggett to immediately release Plaintiff from custody.[7] And although Judge Doggett amended Plaintiff's sentence to reflect credit for time served, that information was apparently not transmitted by the Ninth JDC's Clerk of Court to the Department of Public Safety and Corrections.[8]

Plaintiff returned to the West Baton Rouge Parish Work Release Program after the hearing concluded, where he remained incarcerated until May 25, 2021. Plaintiff's release was apparently the result of DPS&C staff reaching out to the Rapides Parish Clerk of Court, who then provided DPS&C with the pertinent court minutes.[9] Plaintiff has alleged that he was falsely imprisoned by these Defendants and James Leblanc during the period of March 3, 2021 through May 25, 2021.[10] At no point during that timeframe did Plaintiff file an ARP complaining that he was being held beyond his criminal sentence, nor has Plaintiff alleged he sought *habeas corpus* prior to his release.[11]

---

[5] See Plaintiff's First Amended Complaint, R. Doc. 21, ¶ 69.
[6] See Exhibit B, Transcript of the March 3, 2021 hearing in the matter of *State of Louisiana v. Nicholas Buchiccio,* Criminal Docket No. 343,435, Ninth Judicial District Court, Parish of Rapides, State of Louisiana.
[7] See Exhibit A, Deposition Transcript of Warden Steven Juge, pages 77-78.
[8] See Exhibit 3 to James LeBlanc's Opposition to Plaintiff's Motion for Summary Judgment on False Imprisonment Claim, R. Doc. 60-4, Deposition Transcript of 30(b)(6) deponent Angela Griffin, pages 30-31 and 123-24.
[9] See Exhibit 1 to James LeBlanc's Opposition to Plaintiff's Motion for Summary Judgment on False Imprisonment Claim, R. Doc. 60-1, 9th JDC Court minutes relative to *State of Louisiana v. Nicholas Buchiccio,* Criminal Docket No. 343,435.
[10] See Plaintiff's First Amended Complaint, R. Doc. 21, ¶ 22 ("This case addresses the overdetention [of Plaintiff] from March 3, 2021 to May 25, 2021.").
[11] See Exhibit 2 to James LeBlanc's Opposition to Plaintiff's Motion for Summary Judgment on False Imprisonment Claim, R. Doc. 60-3, DPS&C discovery responses.

## II. LAW AND ANALYSIS

A.  **Summary Judgment standard.**

Summary judgment is appropriate when the evidence before a court shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).  A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id*.

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)  "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." *Stahl v. Novartis Pharm. Corp.*, 283 F.3d 254, 263 (5th Cir. 2002). Thereafter, if the non-movant is unable to identify anything in the record to support its claim, summary judgment is appropriate. *Id*.  The court need consider only the cited materials. FED. R. CIV. P. 56(c)(3).  Rule 56 does not require a court to "sift through the record in search of evidence to support a party's opposition to summary judgment." *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014) (quoted source omitted).

There can be no genuine dispute as to a material fact when a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that

3

party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322-23. This is true "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. at 323. While courts will "resolve factual controversies in favor of the nonmoving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*). To rebut a properly supported motion for summary judgment, the opposing party must show, with "*significant* probative evidence," that a genuine issue of material fact exists. *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (emphasis added). "'If the evidence is merely colorable, or is not significantly probative,' summary judgment is appropriate." *Cutting Underwater Tech. USA, Inc. v. Eni U.S. Operating Co.*, 671 F.3d 512, 517 (5th Cir. 2012) (quoting *Anderson*, 477 U.S. at 248).

B. **Neither Sheriff Jeff Bergeron nor Warden Juge can be found liable for the Louisiana tort of false imprisonment.**

Plaintiff's Motion for Partial Summary Judgment addresses Count III of his First Amended Complaint, that being the Louisiana tort of False Imprisonment. The tort of false imprisonment has two essential elements: (1) the detention of a person; and (2) the unlawfulness of that detention. *Herrera v. First Nat. Ins. Co. of America*, 2015-1097 (La. App. 1 Cir. 6/3/16), 194 So.3d 807, 813 (citing *Brown v. Rougon*, 552 So.2d 1052, 1055 (La. App. 1 Cir. 1989), *writ denied*, 559 So.2d 121 (La. 1990). The Louisiana Supreme Court has explained that unlawful detention is restraint without legal authority. *Kyle v. City of New Orleans*, 353 So.2d 969, 971 (La. 1977). This explanation is crucial because, as explained by Warden Steven Juge, Plaintiff could not have been released from the West Baton Rouge Parish Work Release Program without having first received the necessary documents from DOC.

4

Plaintiff has presented the tort of false imprisonment as a zero-sum proposition; if a defendant holds an incarcerated plaintiff beyond his release date false imprisonment occurs and liability automatically attaches. However, this is a misapplication of the applicable law. As noted by the Louisiana First Circuit Court of Appeal in the matter of *Vincent v. State through Dep't of Corr.*, 468 So.2d 1329 (La. App. 1 Cir. 1985), "Louisiana jurisprudence has long recognized a good faith defense to the award of damages when an official is acting in the course of his duty, under color of legal authority, and in furtherance of a legitimate state interest." *Id.* at 1331 (citing *O'Conner v. Hammond Police Dept.*, 439 So.2d 558 (La.App. 1 Cir.1983); *Richard v. State through Dept. of Public Safety*, 436 So.2d 1265 (La.App. 1st Cir.1983), *writ denied*, 441 So.2d 1223 (La.1983); *Dunson v. Baker*, 144 La. 167, 80 So. 238 (1918)). The *Vincent* court further noted that:

> "[W]hen prison officials act in reliance on good faith beliefs that what they are doing is constitutionally and lawfully permissible, they are not liable in damages as a consequence of their actions even if it should be later established that their beliefs were not well founded."

*Id.* at 1331 (citing *State ex rel. Jones v. Walls*, 356 So.2d 75, 76 (La. App. 1. Cir. 1977)).

It is undisputed that keeping convicted inmates incarcerated pursuant to a sentence—and thereby limiting their constitutional rights—is in furtherance of a legitimate state interest. *See Turner v. Saffey*, 482 U.S. 78, 89, 107 S.Ct. 2054, 96 L.Ed.2d 64 (1987); *United States v. Hebert*, 574 F.Supp.3d 416, 427 (E.D.Tx. 2021). The Sheriff, as keeper of the jail, has a duty to keep offenders who are serving court-imposed sentences within the walls of that jail. *See* LSA-R.S. § 15:704; *State v. Austin*, 241 So.2d 909, 910-11 (La. 1970). And, as repeatedly stated by Warden Juge, DOC was required to provide diminution paperwork prior to the release of a DOC inmate.[12]

---

[12] See Exhibit A, Deposition Transcript of Warden Steven Juge, page 19, lines 19-25; pages 32-33; pages 67-68; page 78, lines 14-19 ("Well, we don't release DOC inmates until we are told by the Department of Corrections to

To that end, Defendants were acting on a good faith belief that Plaintiff should have been incarcerated in the WBRSO Work Release Program from his first day in the facility until the day WBRSO staff were told by DOC that he was to be released.

C. **Summary Judgment on Plaintiff's claim of false imprisonment would be inappropriate as there are genuine issues of material fact precluding such a finding.**

Plaintiff has moved for summary judgment on his Louisiana state law false imprisonment claim against not only Sheriff Jeff Bergeron and Warden Steven Juge, but also James Leblanc, personally. As noted by co-Defendant James LeBlanc in his opposition to Plaintiff's Motion for Partial Summary Judgment, this Court has refused to grant summary judgment on the issue of false imprisonment in a similar case where, as here, multiple parties were involved because "[i]t is up to the jury to determine which Defendants are liable, in what capacity, and in what proportion." *Hicks v. Dep't of Pub. Safety and Corr.*, Civil Action No. 9-108-SDD-RLB, 2021 WL 12319149, at *7 (M.D.La. Aug. 10, 2021).

Similarly, in the matter of *Crittindon v. Gusman,* Civil Action No. 17-512-SDD-EWD, 2020 WL 1862467 (M.D.La. April 13, 2020), *aff'd in part, reversed in part on different grounds, Crittindon v. LeBlanc*, 37 F.4th 177 (5th Cir. 2022), the five plaintiffs/inmates claimed that they were falsely imprisoned by multiple parties while in the custody of Riverbend Correctional Center, but under the supervision of the East Carrol Parish Sheriff, and while serving DOC sentences. Moreover, the plaintiffs alleged that the Orleans Parish Sheriff's Office failed to send pre-classification and transfer documents to the Department of Public Safety and Corrections, thereby contributing to the subsequent false imprisonment. *Id.* at *8. The plaintiff moved for summary judgment on the issue of false imprisonment against the Department of Public Safety and

---

release inmates…it's by paperwork from the Department of Corrections is the only way we release Department of Corrections inmates."; Exhibit C, Deposition Transcript of Warden Juge's 30(b)(6) deposition testimony, pages 7-8.

Corrections and certain sheriff's defendants for both Orleans and East Carrol Parishes, arguing that the latter held plaintiffs at River Bend for months "without any legal basis." *Id.* at *22.

The Court found that while there was no genuine issue of material fact relative to the unlawfulness of the Plaintiffs' detentions, summary judgment must necessarily be denied because the court could not determine who, among the several defendants, was the initial catalyst for the plaintiffs' detentions and due to the inadequacy of the plaintiffs' arguments:

> "There is no disputed fact issue regarding the unlawful nature of the detention after the arrival of each Plaintiffs' release date. However, the first element of false imprisonment – the detention itself – is more difficult to parse given the landscape of the parties in this case. Although the Plaintiffs were physically held by ECPSO at River Bend, they were serving DOC sentences after being arrested, detained, and convicted by OPSO. Clearly, each set of Defendants played a part in the detention of Plaintiffs, but it is impossible to say whose part definitively resulted in Plaintiffs' overdetention. Plaintiffs do not offer argument on the subject of how, under the law, each party is specifically liable for false imprisonment. They merely set forth the facts of each Plaintiff's case, repeat the elements of false imprisonment, and make the conclusory argument that the over detention gives rise to liability for false imprisonment, without addressing the ambiguities of physical custody, legal custody, and so on. Nor is it clear from Plaintiffs' Motion how the individual Defendants were personally involved, if at all, in the actual detention of Plaintiffs. Therefore, the Court concludes that Plaintiffs have not carried their summary judgment burden of showing that they are entitled to judgment as a matter of law. Accordingly, Plaintiffs' Motion for Partial Summary Judgment shall be denied as to their false imprisonment claims under Louisiana law."

Similarly, in the matter of *Grant v. Gusman*, Civil Action No. 17-2797, 2021 WL 1198260 (E.D.La. Mar. 30, 2021), a purportedly overdetained plaintiff sought summary judgment as to the Louisiana tort of false imprisonment against both the Orleans Parish Sheriff's Office and the Department of Public Safety and Corrections. The *Grant* plaintiff was in the physical custody of OPSO while serving a hard labor sentence. *Id.* at *11-12. Again, the Court held that it was unable to determine which of the two defendants was responsible for the purported overdetention, thereby affirming the existence of a genuine issue of material fact which necessarily precluded summary judgment. *Id.* at *8. Finally, in *Hicks, supra.*, the court determined that an inmate who was

7

allegedly overdetained during his incarceration in a parish jail on a hard labor sentence should not be afforded summary judgment on his state law false imprisonment claim because the determination of "which Defendants are liable, in what capacity, and in what proportion" must necessarily be made by a jury. *Hicks*, 2021 WL 12319149 at *7.

The *Hicks, Crittindon,* and *Grant* rationale is applicable to this matter, as well. During the alleged period of overdetention, Buchicchio was held at the West Baton Rouge Transitional Work Facility at the behest of DOC. Plaintiff contends that at the conclusion of his March 3, 2021 Zoom hearing the district court ordered his "immediate release," an allegation which is completely unsupported by the record in this matter. Further, and as acknowledged by Warden Steven Juge during his deposition, the Clerk of Court for Rapides Parish was required to transmit any sentencing adjustments to DOC, but apparently failed to do so.[13] Although Plaintiff did not name the Rapides Parish Clerk of Court as a party to this matter, the clerk's comparative fault *must* be considered by the trier of fact. *See* LSA-C.C. art. 2323. And finally, Plaintiff's allegation that Judge Doggett "unambiguously" ordered Warden Juge to "immediately" release Plaintiff from custody during the March 3, 2021 hearing is not represented in the hearing transcript of that proceeding and Warden Juge has consistently denied he was ever instructed by Judge Doggett to release Plaintiff from the work release program. This discrepancy is *also* sufficient for creating a genuine issue of material fact precluding summary judgment against Sheriff Mike Cazes or Warden Steven Juge. This Court is not presently in the position to make a comparative fault determination against any person, agency, or entity, regardless of their status as a party or non-party, thereby giving rise to a genuine issue of material fact which must preclude summary judgment on the Plaintiff's state law claim of false imprisonment.

---

[13] See Exhibit A, Deposition Transcript of Warden Steven Juge, page 58, lines 22-25.

8

### III.  CONCLUSION

Considering the arguments listed above, Plaintiff's motion for partial summary judgment relative to his Louisiana state law claim of false imprisonment must be denied.

Respectfully submitted,

RODRIGUE & ARCURI LLP

 s/ *Jason P. Wixom*
BLAKE J. ARCURI (LSBN #32322)
LAURA C. RODRIGUE (LSBN #30428)
JASON P. WIXOM (LSBN #32273)
1615 Poydras Street, Suite 1250
New Orleans, Louisiana 70112
Tel:  (504) 592-4600 Fax: (504) 592-4641
COUNSEL FOR DEFENDANTS
Email: blake@rodriguearcuri.com
            laura@rodriguearcuri.com
            jason@rodriguearcuri.com

### **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 8th day of December, 2025, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent by operation of the court's electronic filing system.  I also certify that a copy of the foregoing will be sent to all non-CM/ECF participant(s) by United States Mail, properly addressed and postage pre-paid.

     s/ *Jason P. Wixom*
