# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **NICHOLAS BUCHICCHIO** | **CIVIL ACTION NO. 3:22-cv-00147-BAJ-EWD** |
| VS. | JUDGE BRIAN A. JACKSON |
| **JAMES LEBLANC, ET AL.** | MAG. ERIN WILDER-DOOMES |

**SHERIFF JEFF BERGERON AND WARDEN STEVEN JUGE'S RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS and ADDITIONAL MATERIAL FACTS**

**NOW INTO COURT,** through undersigned counsel, come Defendants, Sheriff Jeff Bergeron and Warden Steven Juges, who file this response to Plaintiff's Statement of Material Facts:[1]

1.  On March 3, 2021, the 9th Judicial District Court for the Parish of Rapides granted Nicholas Buchicchio's Motion to Clarify his sentence, granting him credit for time served while on detainer from October 16, 2017 through May 7, 2019. Trans. of Mar. 3, 2021 Hearing (Ex. C) at p. 000626.

    - Qualified. Plaintiff filed a *pro se* Motion to Clarify or Modify his sentence. In response, Judge Doggett of the Ninth Judicial District Court for the Parish of Rapides amended Plaintiff's sentence by granting him credit for time served while on detainer for the period of October 16, 2017 through May 7, 2019. (Deposition of Plaintiff; R. Doc. 56-11, page 47; Defendants' Exhibit B, Transcript of the March 3, 2021 hearing in the matter of *State of Louisiana v. Nicholas Buchiccio,* Criminal Docket No. 343,435, Ninth Judicial District Court, Parish of Rapides, State of Louisiana).

2.  Pursuant to the court's order, Mr. Buchicchio was eligible to be immediately release from prison on March 3, 2021. Griffin Dep. (Exhibit B) at 94:25-95:21.

    - Denied. Plaintiff was ineligible for release up until the time DOC provided the requisite diminution documents to WBRSO. (See Exhibit A, Deposition Transcript of Warden Steven Juge, page 19, lines 19-25; pages 32-33; pages 67-

---
[1] R. Doc. 57-2.

68; page 78, lines 14-19 ("Well, we don't release DOC inmates until we are told by the Department of Corrections to release inmates…it's by paperwork from the Department of Corrections is the only way we release Department of Corrections inmates."; Exhibit C, Deposition Transcript of Warden Juge's 30(b)(6) deposition testimony, pages 7-8.

3. Buchicchio was not released until May 25, 2021. *Id.*

- Admitted. Plaintiff was released on May 25, 2021, but only after DOC had provided WBRSO with the appropriate diminution paperwork.

4. From March 3, 2021 to May 25, 2021, Mr. Buchicchio was imprisoned at the work release program operated by the West Baton Rouge Sheriff under Sheriff's employee Steven Juge. Juge Dep. (Ex. A) at 28:12-15, 44:18-23.

- Admitted.

5. During all relevant times, Steven Juge was employed by the West Baton Rouge Sheriff as the Chief of Corrections and his responsibilities included all operations of the work release program. *Id.* at 14:11-13.

- Qualified, as the deposition excerpts cited by Plaintiff does not support Plaintiff's claim that Warden Steven Juge's responsibilities included all operations of the work release program. Steven Judge was employed by the West Baton Rouge Sheriff as the Chief of Operations. However, at the time of these alleged events, Lester Pinkey was the Warden of the Work Release Program. (Plaintiff's Exhibit A, Steven Juge Deposition Transcript at page 70, lines 1-6).

6. Mr. Buchicchio was imprisoned at the work release program under the authority of the Louisiana Department of Public Safety and Corrections ("DOC") and its Secretary James Leblanc. *Id.* at 22:2-23:2.

- Qualified. Defendants do not dispute that Plaintiff was a participant in the West Baton Rouge Sheriff's Office work release program in his capacity as a DOC inmate. However, the deposition excerpts cited to by Plaintiff do not support Plaintiff's statement of fact number 6.

**DEFENDANTS' ADDITIONAL FACTS**

1. On March 1, 2021, Plaintiff entered the custody of the West Baton Rouge Parish Sheriff's Office as a DOC inmate. (See Exhibit A, Deposition Transcript of Warden Steven Juge, pages 27-28).

2. Shortly after Plaintiff's arrival, Warden Steven Juge facilitated a virtual hearing between Plaintiff and Judge Doggett of the Ninth Judicial District Court for Rapides Parish due to Plaintiff's belief that his DOC time had been calculated incorrectly. (See Exhibit A, Deposition Transcript of Warden Steven Juge, page 48, lines 4-12; 17-19).

3. At the conclusion of that hearing Judge Doggett amended Plaintiff's criminal minutes to reflect credit for time served for the period of October 16, 2017 through May 7, 2019. (See Exhibit B, Transcript of the March 3, 2021 hearing in the matter of State of Louisiana v. Nicholas Buchiccio, Criminal Docket No. 343,435, Ninth Judicial District Court, Parish of Rapides, State of Louisiana).

4. Despite Plaintiff's claim that Judge Doggett "unambiguously" ordered Warden Juge to release Plaintiff "immediately" at the conclusion of that hearing, no such directive appears in the transcript of that hearing. (See Exhibit B, Transcript of the March 3, 2021 hearing in the matter of State of Louisiana v. Nicholas Buchiccio, Criminal Docket No. 343,435, Ninth Judicial District Court, Parish of Rapides, State of Louisiana).

5. Nor was Warden Juge ever instructed by Judge Doggett to immediately release Plaintiff from custody. (See Exhibit A, Deposition Transcript of Warden Steven Juge, pages 77-78).

6. And although Judge Doggett amended Plaintiff's sentence to reflect credit for time served, that information was apparently not transmitted by the Ninth JDC's Clerk of Court to the Department of Public Safety and Corrections. (See Exhibit 3 to James LeBlanc's Opposition to

Plaintiff's Motion for Summary Judgment on False Imprisonment Claim, R. Doc. 60-4, Deposition Transcript of 30(b)(6) deponent Angela Griffin, pages 30-31 and 123-24).

7. Plaintiff returned to the West Baton Rouge Parish Work Release Program after the hearing concluded, where he remained incarcerated until May 25, 2021. Plaintiff's release was apparently the result of DPS&C staff reaching out to the Rapides Parish Clerk of Court, who then provided DPS&C with the pertinent court minutes. (See Exhibit 1 to James LeBlanc's Opposition to Plaintiff's Motion for Summary Judgment on False Imprisonment Claim, R. Doc. 60-1, 9th JDC Court minutes relative to State of Louisiana v. Nicholas Buchiccio, Criminal Docket No. 343,435).

8. At no point during the period of March 3, 2021 and May 25, 2021, did Plaintiff file an ARP complaining that he was being held beyond what his criminal sentence, nor has Plaintiff alleged he sought *habeas corpus* prior to his release. (See Exhibit 2 to James LeBlanc's Opposition to Plaintiff's Motion for Summary Judgment on False Imprisonment Claim, R. Doc. 60-3, DPS&C discovery responses).

Respectfully submitted,

RODRIGUE & ARCURI, LLP

 s/ *Jason P. Wixom*
LAURA C. RODRIGUE (LSBN #30428)
BLAKE J. ARCURI (LSBN #32322)
JASON P. WIXOM (LSBN #32273)
1615 Poydras Street, Suite 1250
New Orleans, Louisiana 70112
Tel: (504) 592-4600 Fax: (504) 592-4641
COUNSEL FOR DEFENDANTS
Email: laura@rodriguearcuri.com
         blake@rodriguearuri.com
         jason@rodriguearcuri.com

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on this 8th day of December, 2025, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent by operation of the court's electronic filing system.  I also certify that a copy of the foregoing will be sent to all non-CM/ECF participant(s) by United States Mail, properly addressed and postage pre-paid.

                                                                               s/ *Jason P. Wixom*  
                                                                                JASON P. WIXOM